IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01191-REB-BNB

ROBERT BLACKMAN,

Plaintiff,

v.

DAN CLARK, Lieutentant [sic], ADX Florence, Colorado,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on **Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies** [Doc. #19, filed 11/07/2012] (the "Motion").[1]  I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiff currently is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary, Administrative Maximum, in Florence Colorado.  He filed his Prisoner Complaint on May 7, 2012 [Doc. #1] (the "Complaint").  On July 5, 2012, the court dismissed all claims except the claim alleging that defendant Clark retaliated against the plaintiff for engaging in constitutionally protected conduct [Doc. #5].

In his remaining claim, the plaintiff alleges that on October 28, 2009, Clark fabricated an incident report recommending that the plaintiff be restricted from nail clippers, razors, and other sharp instruments; that the incident report was expunged thirteen hours later, but Clark continued

---

[1]The plaintiff was ordered to respond to the Motion on or before December 7, 2012 [Doc. #23].  No response was received.

the restrictions indefinitely; and that Clark fabricated the incident report in retaliation for the plaintiff's previously filed grievances.

The defendant asserts that the plaintiff's claim must be dismissed because the plaintiff failed to exhaust administrative remedies. Because the plaintiff's claim challenges his prison conditions, it is governed by the Prison Litigation Reform Act (the "PLRA"). 42 U.S.C. § 1997e(a). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, monetary damages, or both. Booth v. Churner, 532 U.S. 731 (2001). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at 741 n.6.

The BOP has a four-tiered administrative procedure for inmate grievances, which is codified at 28 C.F.R. 542.10 *et seq*. *Motion*, Declaration of Kaitlin B. Turner ("Ex. B"), ¶ 5. The procedure generally requires that an inmate first attempt to reach an informal resolution of his complaint. 28 C.F.R. § 542.13. If that effort is unsuccessful, an inmate then may submit a formal written Administrative Remedy Request on the appropriate form (BP-9) for review by the Warden of an issue which relates to the conditions of confinement. Id. at §§ 542.10, 542.14. In addition:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15.

To exhaust administrative remedies, a federal prisoner must complete all three formal steps by filing an administrative remedy request with institution staff, followed by regional and national appeals. 28 C.F.R. §§ 542.14 - 542.15.

Grievances must be submitted within specific time frames. 28 C.F.R. §§ 542.14(a), 542.15(a). Ordinarily, a grievance must be submitted within 20 days of the date on which the basis of the grievance occurred. 28 C.F.R. § 542.14(a).

The plaintiff filed a formal written Administrative Remedy Request (BP-9) regarding his restrictions. *Motion*, Ex. B, ¶ 11. The BP-9 is dated January 15, 2009. Id. at Attachment 4, p. 3. It was received on January 20, 2010. Id. Ex. B, ¶ 11 and Attachment 4, p. 2. The BP-9 was rejected as untimely because it was received more than 20 days after the restrictions were imposed. Id. at Ex. B, ¶ 12 and Attachment 4, p. 2.

The plaintiff did not file an appeal to the Regional Director (BP-10). Id. at Ex. B, ¶ 13. Instead, he filed an appeal to the General Counsel (BP-11). Id. at ¶ 14. The BP-11 was rejected because it was filed at the wrong administrative level. Id. at ¶ 15.

The undisputed material facts show that the plaintiff failed to file a timely grievance and timely appeals to the Regional Director and the General Counsel. Therefore, he has not exhausted his administrative remedies. Accordingly, the Motion should be granted and the plaintiff's claim should be dismissed for failure to exhaust administrative remedies.

A dismissal based on the failure to exhaust should be without prejudice where the time for pursuing administrative remedies has not expired and the inmate can cure the defect by simply exhausting the available remedies. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003), *overruled on other grounds*. See also Mitchell v. Figueroa, No. 12-6051, 2012 WL 2877461 (10th Cir. July 16, 2012) (affirming the district court's grant of summary judgment to the defendants and dismissal of unexhausted claims without prejudice). The plaintiff claims that Clark retaliated against him on October 29, 2009. Therefore, the plaintiff's 20 day time limitation for filing a grievance against Clark has passed, and the plaintiff is time-barred from filing a grievance on this issue. The defendant is entitled to summary judgment, and the plaintiff's claim should be dismissed with prejudice.

I respectfully RECOMMEND that the Motion [Doc. # 19] be GRANTED and that the plaintiff's claim be DISMISSED WITH PREJUDICE.[2]

Dated February 8, 2013.

                                                           BY THE COURT:

                                                           s/ Boyd N. Boland
                                                           United States Magistrate Judge

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).