**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.12-cv-01191-REB-MJW

ROBERT BLACKMAN,

    Plaintiff,

v.

DAN CLARK, Lieutenant, ADX Florence, Colorado,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

**Blackburn, J.**

The matter before me is plaintiff's pro se[1] **Memorandum of Letter to Court Clerk** [#28][2] filed May 16, 2013, requesting relief from judgment under Fed. R. Civ. P. 59(e). Because the motion was filed more than 28 days after the entry of **Final Judgment** [#27] on April 9, 2013, *see* **FED. R. CIV. P.** 59(b), it is properly brought and considered under Fed. R. Civ. P. 60(b). I deny the motion.

Relief under Rule 60(b) requires a showing of exceptional circumstances warranting relief from judgment. ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant shows exceptional circumstances by satisfying one or more of

---

[1] Plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

[2] "[#28]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

the grounds for relief enumerated in Rule 60(b).  *Id*. at 1243-44.  Here, the only possible applicable grounds for relief under Rule 60(b) are those provided by subparagraph (6), which contemplates relief from judgment based on "any other reason that justifies relief."  **FED. R. CIV. P.** 60(b)(6).

I perceive nothing in plaintiff's motion to suggest that such extraordinary relief is warranted in this case.  I do not discredit plaintiff's insistence that he did file a response to defendant's motion for summary judgment and/or objections to the magistrate judge's recommendation that the case be dismissed.[3]  Nevertheless, defendant has not produced evidence demonstrating that the BOP records indicate that plaintiff sent or received any certified mail at any point during the relevant time period.  Nor is there any record of a certificate of mailing receipt with the number plaintiff indicates was affixed to his objections to the magistrate judge's recommendation.  (*See* **Def. Resp. App.**, Exh. A-1[#30-1], filed June 7, 2013, Turner Decl. ¶¶ 9 & 11 at 3.)[4]  Accordingly, plaintiff's suggestion that these documents never reached the court because the Bureau of Prisons tampered with his outgoing mail is not only completely speculative and unsupported, but actually refuted.

---

[3] Nor do I discredit plaintiff's argument that illness caused him to miss the deadline for filing an amended complaint as directed by the magistrate judge.  However, plaintiff does not apprise the court of what illness he had, how long he was ill or otherwise indisposed, or anything else about the facts and circumstances that might allow the court to conclude that plaintiff's illness constitutes an exceptional circumstance warranting relief from judgment under Rule 60(b).

[4] Although plaintiff raised similar arguments in another case (*see* **Plaintiff Motion In Request to Ascertain a Status Report and for Court to Send Mail to Plaintiff Via Special Mail** [# 27], filed January 20, 2012, in ***Blackman v. Torres***, Civil Action No. 11-cv-0266-REB-BNB), and the magistrate judge expressed concerns that the defendant in that case had not squarely addressed plaintiff's claims of mail tampering and made it plain that any such interference was intolerable, the magistrate judge did not affirmatively find that plaintiff's mail, in fact, had been tampered with and denied plaintiff's request to have his mail designated as "special mail."  (*See* **Order** at 2-3 [#51], filed May 11, 2012, in Civil Action No. 11-cv-02066-REB-BNB.)

Moreover, the court might have been willing to consider plaintiff's arguments, despite their untimeliness, if plaintiff had even hinted at the substance of his response to the summary judgment motion or the nature of his objections by his motion for relief from judgment. However, plaintiff offers nothing, save conclusory assertions to suggest that the court erred in dismissing his claims for failure to exhaust administrative remedies. He therefore has failed to show extraordinary circumstances warranting relief from judgment as provided for by Rule 60(b).

**THEREFORE, IT IS ORDERED** that the request for relief from judgment pursuant to Fed. R. Civ. P. 60(b), set forth in plaintiff's **Memorandum of Letter to Court Clerk** [#28] filed May 16, 2013, is **DENIED**.

Dated September 11, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge